FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 28 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHARADA SHRESTHA; DIL BAHADUR SHRESTHA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72700 <br><br> Agency Nos.    A088-089-741 <br>                       A088-089-742 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Sharada Shrestha and Dil Bahadur Shrestha, natives and citizens of Nepal,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's decision denying their application for asylum,

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992), and we review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Even assuming Shrestha's testimony was credible, substantial evidence supports the agency's finding that petitioners failed to establish that they were harmed on account of a protected ground when the Maoists kidnaped them and threatened them if they did not join the Maoist party. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Elias-Zacarias*, 502 U.S. at 483. Accordingly, because petitioners failed to show a nexus to a protected ground, their asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

The record does not compel the conclusion that it is more likely than not Shrestha will be tortured if she returns to Nepal. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009). Acordingly, Shrestha's CAT claim fails.

Finally, we reject petitioners' claim that they were denied due process due to alleged errors in the translation because petitioners failed to show prejudice. *See*

*Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation).

**PETITION FOR REVIEW DENIED.**